IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE WEISS, | No. C 12-2391 MMC |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; VACATING HEARING** |
| v. | |
| VIDYO, INC., ASHISH GUPTA, and DOES 1 through 10, | |
| Defendants. | |

Before the Court is plaintiff Julie Weiss's ("Weiss") Motion to Remand, filed May 22, 2012. Defendants Vidyo, Inc. ("Vidyo") and Ashish Gupta ("Gupta") have filed opposition, to which Weiss has replied. Having read and considered the parties' respective submissions, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for August 3, 2012, and rules as follows.

**DISCUSSION**

**1.   Fraudulent Joinder**

In their notice of removal, defendants assert the district court has jurisdiction over the above-titled action based on diversity of citizenship. In particular, defendants assert, Weiss and Vidyo are diverse and Gupta has been fraudulently joined.

1    Where the "plaintiff fails to state a cause of action against a resident defendant, and
2 the failure is obvious according to the settled rules of the state, the joinder of the resident
3 defendant is fraudulent."  See McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th
4 Cir. 1987).  Here, with respect to Weiss's Fourth Claim for Relief, alleging intentional
5 misrepresentation, and Fifth Claim for Relief, alleging fraud in the inducement, defendants
6 assert Weiss fails to state a claim against Gupta under California law because one of
7 Gupta's allegedly false statements is not pleaded with the requisite particularity, see Lazar
8 v. Superior Court, 12 Cal. 4th 631, 645 (1996) (holding "particularity requirement
9 necessitates pleading facts which show how, when, where, to whom, and by what means
10 the representations were tendered"), and the other allegedly false statements require
11 additional factual allegations to meet the requisite elements of a fraud claim.

12    Fraudulent joinder is established, however, only where a diverse defendant shows
13 the non-diverse defendant "cannot be liable on any theory."  See Ritchey v. Upjohn Drug
14 Co., 139 F.3d 1313, 1318 (9th Cir. 1998).  Here, defendants do not argue, let alone show,
15 the asserted deficiencies could not be cured by amendment, or that the state court would
16 not afford Weiss leave to amend.  See, e.g., Schultz v. Harney, 27 Cal. App. 4th 1611,
17 1622 (1994) (holding "demurrer to a complaint should not be sustained without leave to
18 amend if there is a reasonable possibility that the defects can be cured by amendment";
19 finding, where plaintiff alleged defendant made false statement but failed to allege
20 defendant had knowledge statement was false when made, plaintiff was entitled to cure
21 deficiency).

22    Accordingly, the Court finds defendants have failed to show Gupta has been
23 fraudulently joined as a defendant; consequently, the Court lacks diversity jurisdiction over
24 the removed action.

25 **2.    Other Grounds for Jurisdiction**

26    Although not set forth in their notice of removal, defendants, in opposition to the
27 instant motion, argue the Court has federal question jurisdiction over the removed action
28 because it had jurisdiction over an earlier-filed case, Weiss v. Vidyo, Inc., No. C 11-5663, in

which it issued an order of dismissal and compelling arbitration.  Specifically, defendants argue: (1) federal courts have discretion to retain jurisdiction over state claims where jurisdiction existed at the time of removal, (2) federal courts retain jurisdiction to grant provisional relief after granting a petition to compel arbitration, and (3) federal courts have removal jurisdiction over state claims that are precluded under the doctrine of res judicata by a prior federal judgment.  As to the first two grounds, defendants cite to no case holding such retained jurisdiction exists where, as here, there are two separately-filed actions.  As to the third ground, the relevant case authority on which defendants rely has effectively been overruled by the Supreme Court.  See Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 476-78 (1998) (holding "claim preclusion by reason of a prior federal judgment is a defensive plea that provides no basis for removal"; noting prior federal judgment "does not transform the plaintiff's state law claims [into federal claims] but rather extinguishes them altogether").

Accordingly, the Court finds defendants have failed to show an alternative ground for subject matter jurisdiction.

## 3.  **Attorneys' Fees**

Weiss seeks an award of $18,768 in attorneys' fees incurred in connection with the removal of the instant case.  "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  Although the Court has discretion to award fees "when a defendant's removal, while 'fairly supportable,' was wrong as a matter of law," see Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000), the Court finds the procedural concerns raised by Weiss's state court filing are such that an award of fees in this instance is not warranted.

## CONCLUSION

For the reasons stated:

1. Weiss's Motion to Remand is hereby GRANTED and the above-titled action is hereby REMANDED to the Superior Court of the State of California, in and for the County

of San Mateo.

    2. Weiss's request for an award of attorneys' fees is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  August 1, 2012

                                        MAXINE M. CHESNEY
                                      United States District Judge